**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Nakia Danridge aka Nakia R. Danridge aka Nakia Danrige aka Nakia R. Dandridge<br>Terrell Skeeters<br><div align="center">Debtors</div> | CHAPTER 13 |
| MidFirst Bank<br><div align="center">Movant</div><br>vs. | NO. 16-12777 ELF |
| Nakia Danridge aka Nakia R. Danridge aka Nakia Danrige aka Nakia R. Dandridge<br>Terrell Skeeters<br><div align="center">Debtors</div> | 11 U.S.C. Section 362 |
| William C. Miller Esq.<br><div align="center">Trustee</div> | |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on Debtors' residence is **$4,190.34,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | June 2016 through October 2016 at $622.41 each |
| Late Charges: | June 16, 2016 through September 16, 2016 at $17.47 each |
| Fees & Costs Relating to Motion: | $1,026.00 ($850.00 in attorney fees & $176.00 in filing costs |
| Suspense Balance: | $17.59 |
| **Total Post-Petition Arrears** | **$4,190.34** |

2. Debtors shall cure said arrearages in the following manner;

a). Within seven (7) days of the filing of this Stipulation, Debtors shall tender a down payment of **$622.41.**

b). Beginning November 2016 and continuing through April 2017, until the arrearages are cured, Debtors shall pay the present regular monthly payment of **$622.41** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$594.66** for the months of November 2016 through March 2017 and an installment payment of **$594.63** for the month of April 2017 towards the arrearages on or before the last day of each month at the address below;

MidFirst Bank
999 Northwest Grand Boulevard
Oklahoma City, OK 73118

    c).  Maintenance of current monthly mortgage payments to the Movant thereafter.

  3.  Should debtors provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

  4.  In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

  5.  The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

  6.  If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

  7.  If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

  8.  The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   October 6, 2016                    /s/ **Joshua I. Goldman, Esquire**
                                           Joshua I. Goldman, Esquire
                                           Attorneys for Movant

Date: 10-26-2016                           _[signature]_
                                           David M. Offen Esq.
                                           Attorney for Debtors

Approved by the Court this ____ day of _____, 2016. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank